UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

S.J. A MINOR CHILD BY AND
THROUGH HER PARENTS S.H.J.
AND J.J.,

Plaintiffs,

v.

ISSAQUAH SCHOOL DISTRICT
No. 411, *et. al.*,

Defendants.

Case No.  C04-1926RSL

ORDER DENYING
MOTION TO DISMISS

## I.  Introduction

This matter comes before the Court on defendants' motion to dismiss for insufficient service of process.  (Dkt. # 33).  Defendants argue that plaintiffs' attempted service upon the administrative assistant to the superintendent failed to comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure, and therefore plaintiffs' complaint should be dismissed.

## II.  Background

The facts relevant to this motion are not in dispute.  In September 2004, plaintiffs filed a complaint in the United States District Court for the Western District of Washington challenging an adverse administrative ruling made pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.  They named as defendants Issaquah School District No. 411, School District Superintendent Janet Barry, and Director of Special Education Diana

ORDER DENYING MOTION TO DISMISS - 1

Waterstrat.

Upon filing the complaint, plaintiffs sent a courier to serve the defendants at the Issaquah School District offices. The courier left the summons and complaint with the administrative assistant to the superintendent who represented herself to the courier as authorized to accept service of process for the defendants, and who signed three affidavits acknowledging this authority. See Plaintiffs' Response to Defendants' Motion to Dismiss, Appendices B, C, D. Defendants later received actual notice of the summons and complaint.

In October 2005, defendants filed a motion to dismiss for lack of subject matter jurisdiction and insufficiency of service. (Dkt. # 6). This Court granted defendants' motion based on lack of subject matter jurisdiction, but declined to consider defendants' additional grounds for dismissal. Plaintiffs appealed to the Ninth Circuit, which reversed the Court on the jurisdictional issue, but declined to rule on insufficiency of service. S.J. v. Issaquah School Dist., 470 F.3d 1288, 1293 (9th Cir. 2006). Defendants subsequently filed a new motion requesting this Court to dismiss plaintiffs' complaint for insufficient service of process. Plaintiffs responded that service was sufficient because they substantially complied with Rule 4(j).[1]

## III. Discussion

Rule 4(j) governs service of process on municipal corporations. It provides that service shall be effected by delivering a copy of the summons and complaint to the municipality's "chief executive officer or by serving in the manner prescribed by the law of that state for the service of summons."[2] Fed. R. Civ. P. 4(j)(2). Defendants do not dispute that the superintendent is the

---

[1] Plaintiffs concede they are only suing Janet Barry and Diana Waterstrat in their official capacities. See Plaintiff's Response to Defendants' Motion to Dismiss at p. 5. Accordingly, this order will not address the sufficiency of service upon Dr. Barry and Ms. Waterstrat in their individual capacities under Rule 4(e).

[2] Washington law requires a plaintiff to deliver a copy of the summons and complaint "to the superintendent ... by leaving the same in his or her office with an assistant superintendent, deputy commissioner, or business manager during normal business hours." RCW 4.28.080(3).

ORDER DENYING MOTION TO DISMISS - 2

school district's chief executive officer.  However, defendants argue that plaintiffs failed to strictly comply with the federal service rules, and that "substantial compliance" is not the appropriate standard for reviewing the sufficiency of service under Rule 4(j).  To support their conclusion, defendants cite two cases where district courts found service upon a municipality to be insufficient because the plaintiff served the wrong person.  See Defendants' Motion to Dismiss at p. 4-5 (citing Allison v. Utah County Corp., 335 F. Supp. 2d 1310 (D. Utah 2004); Wright v. City of Las Vegas, Nevada, 395 F. Supp. 2d 789 (S.D. Iowa 2005)).

      The Court finds these cases unpersuasive.  First, "substantial compliance" was not at issue in Wright or Allison.  Second, Wright and Allison are distinguishable because the plaintiffs in those cases failed to serve not only the appropriate official, but also failed to serve the appropriate office.  See Wright, 395 F. Supp. 2d 789 (service upon city attorney insufficient where city attorney was not authorized by statute to receive service); Allison, 335 F. Supp. 2d at 1313 (service upon secretary to county commissioner insufficient where law required service on county clerk).  Third, defendants' conclusion is inconsistent with the Ninth Circuit's liberal construction of Rule 4.

      While the Ninth Circuit has not directly addressed the issue of substantial compliance under Rule 4(j), it has repeatedly stated that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F.2d 685, 688 (9th Cir. 1988) (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984); Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4 (9th Cir. 1987); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986); Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).  It has also held that without "substantial compliance" with Rule 4, actual notice will not provide personal jurisdiction.  Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).  Additionally, in Straub v. AP Green, Inc., 38 F.3d 448, 453 (9th Cir. 1994), the court stated: "in the context of the Federal Rules of Civil Procedure we have held that 'substantial compliance' with the service requirements of Rule 4 is sufficient so long as the opposing party receives sufficient notice."

ORDER DENYING MOTION TO DISMISS - 3

See also Daly-Murphy, 837 at 355 ("we require 'substantial compliance with Rule 4'") (quoting Jackson, 682 F.2d at 1347).

Further, the Ninth Circuit has adopted an exception to strict compliance for service made upon the United States government. In Borzeka, it held that failure to comply with former Rule 4(d)(5), now Rule 4(i), does not require dismissal of the complaint if the plaintiff satisfies four requirements: "(a) the party that had to be served personally had actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka 739 F.2d at 447. The court reasoned that this exception "is sensible and necessary to prevent serious miscarriages of justice." Id.

The Court concludes that substantial compliance is the appropriate standard for evaluating sufficiency of service under Rule 4(j). The Ninth Circuit's reasoning in Borzeka is equally applicable to service upon local governments. Additionally, the Court finds that Borzeka's four-part test fairly and adequately balances the interests of the parties in avoiding "serious miscarriages of justice." Applying this standard to the facts of this case, the Court further concludes that plaintiffs substantially complied with the federal service requirement of Rule 4(j) by serving the administrative assistant to the superintendent.

First, defendants received actual notice of the complaint, and will therefore suffer no prejudice from the defect in service. Second, plaintiffs had a justifiable excuse for their defective service. Specifically, the administrative assistant to the superintendent told plaintiffs' courier she was authorized to accept service of process, and signed an affidavit for each defendant acknowledging this authority.[3] See Plaintiffs' Response to Defendants' Motion to Dismiss, Appendices B, C, D. Finally, plaintiffs would be severely prejudiced if the Court

---

[3] While the Court does not endorse plaintiffs' refusal to re-serve the summons and complaint upon learning of the technical defect, the Court finds this subsequent refusal irrelevant to whether service substantially complied with Rule 4 at the time it was effected.

ORDER DENYING MOTION TO DISMISS - 4

dismisses their complaint. Because the statute of limitations for their claim has expired, plaintiffs would be barred from raising it again.[4]

For these reasons, the Court concludes that plaintiffs substantially complied with Rule 4(j), and that service was sufficient under the Federal Rules of Civil Procedure. Accordingly, the Court need not decide whether plaintiffs also satisfied the Washington State service requirements under RCW 4.28.080.

## IV. Conclusion

For the foregoing reasons the Court DENIES defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Dkt. # 33).

DATED this 8th day of March, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[4] Plaintiffs were required to file their complaint within 30 days of the final administrative order pursuant to the Washington Administrative Procedure Act, RCW 34.05.542(2). See S.J., 470 F.3d at 1290-91.

ORDER DENYING MOTION TO DISMISS - 5