1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

S.J., *a minor child by and through
his parents S.H.J. and J.J.*,

11

Plaintiffs,

Case No.  C04-1926RSL

12

v.

ORDER DENYING MOTIONS TO
INTRODUCE NEW EVIDENCE

13

ISSAQUAH SCHOOL
DIST. No. 411, *et al.*,

14

15

Defendants.

16

17

**I.  INTRODUCTION**

18

This matter comes before the Court on plaintiffs' motions (Dkt. ## 43, 62) to introduce

19

new evidence and set a date for an evidentiary hearing.  For the reasons set forth below, the

20

Court denies plaintiffs' motions.

21

**II.  DISCUSSION**

22

**A.    Background Facts.**

23

The facts relevant to this motion are not in dispute.  S.J. is a minor who attended school

24

in Issaquah School District No. 411 (the "District") from kindergarten through sixth grade.

25

S.J.'s  parents removed him from the District for the 2002-03 school year, his seventh grade

26

year, and enrolled him in a school for special education students, the Children's Institute for

27

28

ORDER DENYING MOTIONS TO
INTRODUCE NEW EVIDENCE - 1

Learning Differences ("CHILD").  S.J. remained at CHILD through the 2002-03 and 2003-04 school years.

In March 2004, plaintiffs filed a request for an administrative due process hearing alleging procedural and substantive violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(I), *et seq.* ("IDEA").  Plaintiffs sought reimbursement of tuition at CHILD for the 2002-03 and 2003-04 school years, compensatory education, and other remedies.

A lengthy administrative due process hearing was held in May and June 2004.  At the conclusion of the proceedings, plaintiffs obtained some, but not all, of the relief they sought.  Plaintiffs filed their complaint with this Court on September 13, 2004 alleging violations of IDEA, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Washington state law.

**B.**      **Analysis.**

Defendants argue that plaintiffs' motion should be denied because they have waived their non-IDEA claims on which they now seek to present additional evidence.  Defendants argue that plaintiffs waived their other claims by failing to brief them in response to defendants' motion to dismiss.  However, that motion only sought dismissal based on lack of subject matter jurisdiction and insufficiency of process.  The Court held that it lacked subject matter jurisdiction and dismissed all claims on that basis.  Defendants also note that in response to plaintiffs' motion for reconsideration, the Court clarified that it was dismissing all of plaintiffs' claims, and that plaintiffs had waived any claim that the dismissal was only partial.  However, in their appeal memorandum, plaintiffs stated that they were appealing the dismissal of all claims and the denial of their motion for reconsideration.  Moreover, defendants argued to the Ninth Circuit that plaintiffs waived their non-IDEA claims, but the Ninth Circuit ruled that the Court has subject matter jurisdiction, reversed, and remanded the entire case.  Accordingly, the Court finds that plaintiffs did not waive their non-IDEA claims.

Defendants also argue that the supplemental evidence should not be permitted because

plaintiffs had an opportunity to present it during the administrative process.  The IDEA states that a district court "shall hear additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C)(ii).  Although the Ninth Circuit has noted that pursuant to the statute, the record in IDEA cases is not always narrowly confined to the administrative record, it has held that any additional evidence must be "supplemental" and not evidence that was or could have been presented in the due process hearing.  Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472-73 (9th Cir. 1993) (citing Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790-91 (1st Cir. 1984)).[1]  In this case, the supplemental evidence is not new, nor was it unavailable during the administrative proceeding.  Rather, plaintiffs argue that the ALJ dismissed their non-IDEA claims for lack of jurisdiction and did not permit them to introduce certain evidence into the record.  In support of that claim, plaintiffs rely on the transcript of the ALJ's oral ruling dismissing some of their claims.  Declaration of Karen Simmonds, (Dkt. #49) ("Simmonds Decl."), Ex. A.  Although the oral ruling is less clear than a written order might have been, it does not contain any language prohibiting plaintiffs from offering evidence.   In fact, plaintiffs admit in their opening memorandum that the ALJ allowed "limited evidence and testimony" on the issue.  Plaintiff's Opening Brief at p. 38.  The transcript also shows that the ALJ noted that the evidence presented on the IDEA claims and other issues related to the minor's behavioral plan would be "virtually the same testimony."  Simmonds Decl., Ex. A.  In addition, the evidence plaintiffs seek to present is clearly related to *all* of their claims, not just the non-IDEA claims.  The issue of forcing a minor to take medication appears to have been central to their administrative claims, as it is before this Court.  Accordingly, plaintiffs could have presented it to the ALJ.

---

[1] The First Circuit, in Town of Burlington, noted that reasons for supplementation could include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."  Town of Burlington, 736 F.2d at 790-91 (quoted by Ojai Unified Sch. Dist., 4 F.3d at 1473).

ORDER DENYING MOTIONS TO
INTRODUCE NEW EVIDENCE - 3

1    In addition, the new evidence plaintiffs seek to present, the declaration from Dr. Richard

2    Adler, is not admissible to the extent that it purports to offer legal conclusions.  Furthermore, the

3    information therein is not relevant.  Dr. Adler has never treated the student and has not been

4    involved in his care.  He opines regarding whether a minor can receive treatment without his

5    parents' consent or refuse treatment his parents request.  However, there is no evidence that the

6    student ever sought medical treatment independently or refused treatment to which his parents

7    consented.[2]  Dr. Adler's declaration is therefore inadmissible in part and not relevant.

8    Finally, plaintiffs' request is untimely and would waste the parties' and Court's resources

9    by delaying and possibly re-doing the underlying briefing, which is already underway.  Plaintiffs

10   filed this motion on the eve of filing their opening memorandum, when defendants'

11   memorandum was due shortly, and approximately two and a half months had passed since the

12   Court issued a briefing schedule on plaintiffs' claims.  Plaintiffs never sought an extension of

13   the briefing schedule, despite the Court's invitation to do so.  Plaintiffs' argument that they

14   lacked an earlier opportunity to request supplementation or an extension of the briefing schedule

15   is not supported by the record.[3]

16                                          **III.  CONCLUSION**

17   For all of the foregoing reasons, the Court DENIES plaintiffs' motions to introduce new

18

19

20   _____

21        [2] Plaintiffs do not seek to present additional evidence regarding whether the student ever
     received treatment without his parents' consent or refused treatment to which his parents
22   consented.

23        [3] In fact, plaintiffs first noted their intention to seek permission to submit additional
24   evidence in a letter to the Court in November 2004 regarding the applicability of Rule 26's
     initial disclosures and related requirements.  That letter highlights plaintiffs' long-standing
25   awareness of the issue and their lengthy delay in filing a motion to obtain that relief.  To the
     extent that plaintiffs claim that their letter constitutes a request for relief, that argument is
26   untenable as requests for relief must be submitted in a motion pursuant to Rule 7.

27

28   ORDER DENYING MOTIONS TO
     INTRODUCE NEW EVIDENCE - 4

1    evidence and for an evidentiary hearing (Dkt. ## 43, 62).

2

3        DATED this 14th day of May, 2007.

4

5

6                                    *MM S Lasnik*

7                                    Robert S. Lasnik
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER DENYING MOTIONS TO
      INTRODUCE NEW EVIDENCE - 5