UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
S.J., *a minor child by and through his parents* )
*S.H.J. and J.J.*, )
) No. C04-1926RSL
)
) ORDER AWARDING
Plaintiff, ) ATTORNEY'S FEES
v. )
)
ISSAQUAH SCHOOL DISTRICT NO. 411, )
*et al.*, )
)
Defendants. )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' [sic] Motion for Summary Judgment Re Attorney's Fees and Costs" (Dkt. #72). On September 12, 2007, the Court affirmed the administrative law judge's ruling concerning plaintiff's right to a free accessible public education under the Individuals with Disabilities Education Act ("IDEA"). See Dkt. #69 (Order Affirming Administrative Decision). As part of this Order, the Court invited plaintiff to submit an application for attorney's fees and costs for prevailing in the administrative proceeding below, and afforded defendants the opportunity to oppose the fee application. Id. at 25-26. The parties have filed the requested submissions and therefore the matter is now ripe for review. For the reasons set forth below, the Court grants in part and denies in part plaintiff's application for attorney's fees and costs.

ORDER AWARDING ATTORNEY'S FEES

## II.  DISCUSSION

**A.  Prevailing party**

The IDEA provides that "[i]n any action or proceeding brought under this section [20 U.S.C. § 1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  In its "Order Affirming Administrative Decision," the Court found that plaintiff was the prevailing party in the administrative proceeding.  See Dkt. #69 at 26.

**B.  Disallowance of fees under 20 U.S.C. § 1415(i)(3)(D)(i)**

The IDEA also provides that:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section [20 U.S.C. § 1415] for services performed subsequent to the time of a written offer of settlement to a parent if –
>
> (I)  the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II)  the offer is not accepted within 10 days; and
>
> (III)  the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i).  Based on this provision, the Court finds that plaintiff is barred from recovering fees and costs subsequent to defendants' offer of settlement.

More than 10 days before the administrative hearing commenced on May 11, 2004, defendants made an offer of settlement on April 8, 2004.  See Dkt. #69, Ex. A (Offer of Settlement); AR 2.  Plaintiff did not accept the offer.  See Dkt. #69 at 2 ("This settlement proposal was rejected by the Plaintiff and the parties proceeded to the due process hearing.").  As the Court finds below, the relief finally obtained by plaintiff in this matter is also not more favorable than the offer of settlement.

In her decision, Administrative Law Judge Janice Shave ordered the School District to reimburse plaintiff for the September 2003 through March 2004 tuition for New Heights and

related costs, including transportation. See AR 50. Judge Shave also ordered the School District to pay for the IEE (Independent Educational Evaluation) from Gayle Fay, Ph.D., and Ronald Gabriel, M.D., excluding transportation costs. Id. The monetary value of this relief totaled $16,323.00. See Dkt. #77 (McClain Decl.) at Exs. A, B. The Court affirmed this administrative decision, therefore $16,323 represents the relief finally obtained by plaintiff. See Dkt. #69.

Defendants' April 8, 2004 offer of settlement provided reimbursement for tuition and transportation costs to and from New Heights for: (1) the final six months of the 2002-03 school year; (2) extended school year ("ESY") services during the summer of 2003; (3) the final six months of the 2003-04 school year; and (4) the final four months of the 2004-05 school year. See Dkt. #72, Ex. A. The approximate value of this tuition reimbursement of $25,750 exceeds the monetary value of the relief finally obtained by plaintiff. See Dkt. #76 at 4; AR 2751 (values for New Heights tuition). In addition to the tuition reimbursement, the offer of settlement also included: (1) three occupational therapy ("OT") sessions with a School District OT specialist; (2) at least 29 hours of speech language pathology services ("SLP") during the spring, summer, and fall of 2004 with a District SLP provider; and (3) free individual and family counseling through Seattle Mental Health. See Dkt. #72, Ex. A.

In his fee application, plaintiff contends that the offer of settlement is not more favorable than the relief ultimately obtained because the offer was contingent on a transition to the School District's Tiger Mountain program. See Dkt. #76 at 3; Dkt. #69, Ex. A at ¶8. However, Judge Shave concluded that the March 2004 IEP, the same program extended to plaintiff in the offer of settlement, was appropriate and provided plaintiff with a free appropriate public education. See AR 48-49; Dkt. #69 at 21-22; AR 1384-1422 (March 2004 IEP). The Court also rejects plaintiff's suggestion that the offer of settlement was less favorable because of attendance-related contingencies. See Dkt. #69 at 3 n.1. The offer reasonably limited transportation reimbursement for those days plaintiff was actually transported to New Heights, an amount defendants appropriately value at less than $400 in their response. See Dkt. #76 at 4 n.3.

ORDER AWARDING ATTORNEY'S FEES            -3-

Furthermore, tuition reimbursement was conditioned on attendance only for four months of the 2004-05 school year. See Dkt. #69, Ex. A at ¶7. Reimbursement for the remaining months and the ESY were not contingent on attendance.

For the reasons set forth above, the Court finds that plaintiff is barred from recovering fees and costs subsequent to the April 8, 2004 offer of settlement because the relief plaintiff finally obtained is not more favorable than the relief offered in the settlement offer. See M.L. v. Federal Way Sch. Dist., 401 F. Supp. 2d 1158, 1163-66 (W.D. Wash. 2005); Joshua H. v. Lansing Pub. Schs., 161 F. Supp. 2d 888, 893 (N.D. Ill. 2001). Accordingly, the Court now turns to the extent to which the fees[1] incurred up to April 8, 2004 are reasonable.

## C.  Amount of fees

In determining reasonable attorney's fees, courts utilize what is known as the "lodestar" method. See Morales v. City of San Rafael, 96 F.3d 359, 363-65 & nn. 8-12 (9th Cir. 1996). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. See McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). After computing the lodestar figure, the court then assesses whether it is necessary to adjust the amount based on some or all of the relevant criteria set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). See Morales, 96 F.3d at 363-64; Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993) ("[I]n appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon factors listed in Kerr . . . that have not been subsumed in the lodestar calculation.") (internal citation omitted).

In determining the reasonable hours expended, the party seeking attorney's fees bears the burden of submitting detailed time records justifying the hours incurred on the claims. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Here, plaintiff's counsel submitted

---

[1] Plaintiff is not seeking recovery of costs for the period before the offer of settlement. See Dkt. #72 at 9 ("There are no costs requested for the administrative hearing and only filing, copying, and mailing costs requested for the Ninth Circuit appeal.").

ORDER AWARDING ATTORNEY'S FEES            -4-

detailed time records.  See Dkt. 72, Ex. B (Cohen Decl.).  These records reveal that plaintiff's counsel, Jeannette Cohen, expended **88.4** hours from the start of her engagement until the April 8, 2004 offer of settlement.  Based on the descriptions of actions taken in these records, the Court finds that these claimed hours are reasonable.

Next, in order to determine what hourly rate is reasonable, courts look to prevailing market rates in the relevant community.  See Blum v. Stenson, 465 U.S. 886, 895 (1984).  Determining a reasonable hourly rate is not made solely by reference to rates actually charged by the prevailing party, but rather the rate assessed is based on the prevailing rate in the relevant community for similar work.  Blum, 465 U.S. at 895 n.11; Chalmers, 796 F.2d at 1211.

Before the settlement offer, plaintiff's counsel's rate was $150/hour.  See Dkt. #72, Ex. B.  Plaintiff counsel's current rate is $200/hour.  Id.  In his motion, plaintiff asserts that the current $200/hour rate is a reasonable based on supporting declarations from three attorneys who practice education law and a declaration from plaintiff's counsel.  See id. at Exs. B, C.  Based on this evidence, and the fact that plaintiff's counsel had been practicing law for less than a year when she started her representation in this case, the Court finds that the reasonable rate for plaintiff's counsel is **$175/hour**.  See, e.g., Dkt. 372, Ex. C (Pattison Decl.) ("When I seek statutory attorney's fees as a prevailing party my hourly rate is $175 per hour.")

In Kerr, the Ninth Circuit outlined twelve factors the Court should evaluate in determining whether to adjust the lodestar amount:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Kerr, 526 F.2d at 70.  The Court "need not discuss each of the guidelines, so long as it

ORDER AWARDING ATTORNEY'S FEES            -5-

discusses those most relevant to the particular case." Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988).

The Court finds here that the most relevant Kerr factor is the amount involved and the results obtained by plaintiff. See Farrar v. Hobby, 506 U.S. 103, 114 (1992) ("Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).  Plaintiff asserted sixteen claims at the administrative hearing, but only prevailed on three.  Compare AR 50-51, with AR 512-13.  However, as the Court noted in its September 12, 2007 Order, Judge Shave concluded that plaintiff was denied a FAPE between September 2003 and January 2004, and the Ninth Circuit has determined that obtaining this result "is the most significant of successes possible under the Individuals with Disabilities Education Act."  Park v. Anaheim Union Sch. Dist., 464 F.3d 1025, 1036 (9th Cir. 2006); AR 43; Dkt. #69 at 25-26.  Given this success coupled with the fact that plaintiff prevailed on less than one-quarter of his asserted claims, the Court finds that plaintiff should be awarded only **75%** of the reasonable attorney's fees incurred before the offer of settlement.  See Park, 464 F.3d at 1037 ("Where the prevailing party's success is partial or limited, it is within the discretion of the district court to award limited fees.") (Beezer, J., concurring).  Therefore, the Court calculates the fee award as follows:

88.4 hours x $175/hour x 75% = **$11,602.50**

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's "Motion for Summary Judgment Re Attorney's Fees and Costs" (Dkt. #72).  Plaintiff is entitled to $11,602.50 in fees.

DATED this 8th day of January, 2008.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER AWARDING ATTORNEY'S FEES            -6-